ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
The Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations that respondent failed to obtain ¿^client’s consent to settle a case, failed to communicate with a client, failed to reduce contingency agreements to writing, charged an excessive fee, failed to promptly remit client and third party funds, failed to keep client funds separate from his own funds, failed to deposit a disputed fee in a trust account, converted, client settlement funds to his own use, failed to protect the interest of a third party, and engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Rules 1.2, 1.4, 1.5, 1.15, and 8.4(c) of the Rules of Professional Conduct. Prior to *325 the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline, seeking respondent’s disbarment. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Keith L. Ward, Louisiana Bar Roll number 1635, be and he hereby is disbarred, retroactive to the date of his interim suspension ordered in In re: Ward, 99-2599 (La.9/17/99), 744 So.2d 1272. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR and KNOLL, JJ., would reject consent discipline.